# SANFORD *v.* DISTRICT OF COLUMBIA.*

---

MUNICIPAL ORDINANCES; STREETS AND SIDEWALKS, OBSTRUCTION OF.

The occupation of the middle of a street adjacent a market-house in the city of Washington, by a wagon and country produce, for the sale of

*Streets and Sidewalks—Obstruction.*—For the authorities bearing on the liability for obstructing street or sidewalk for business or building purposes, including market purposes, see editorial notes to *Flynn* v. *Taylor*, 14 L. R. A. 556; *Raymond* v. *Kiseberg*, 19 L. R. A. 643.

such produce, thereby obstructing the free passage of the street, is a nuisance, and the owner of the wagon and the produce is properly convicted in the police court for so obstructing the street. (Distinguishing *Taylor* v. *District of Columbia, ante,* 392.)

No. 1463.  Submitted October 21, 1904.  Decided December 13, 1904.

In ERROR to the Police Court of the District of Columbia. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Henry E. Davis* for the plaintiff in error.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause, like that of *Taylor* v. *District of Columbia,* just decided [*ante,* 392], comes to us from the police court on writ of error.   Information was filed in that court against the plaintiff in error for that, on July 21, 1904, he did unnecessarily obstruct the free passageway of B street northwest with a wagon and farm produce; and the testimony was only that on behalf of the District of Columbia to the effect, "that on the day named in the information in the said cause the defendant occupied a space on B street north, in the city of Washington, District of Columbia, about midway of said street, and a short distance west of Ninth street west, in said city, with a wagon and country produce for the sale of said produce, leaving on each side of said wagon and produce a space in the said street about 10 feet in width between the said wagon and produce and the heads of the horses attached to wagon backed up against the curb on each of the north and south sides of the said B street."

The case was argued with that of *Taylor* v. *District of Columbia,* as supposed to involve the same question of law, namely, the authority of the Commissioners of the District to make the police regulation discussed in that case.   If it involves the same question the decision in both cases will necessarily be the same.

But it is proper to say that this case involves no such question, and no question whatever, other than that of unlawful occupation and obstruction of the public street and the creation therein of a palpable nuisance. Whatever might be the law in regard to the occupation of the two sides of the street, comprising the sidewalk and the carriage way outside of the curb to the distance of 15 feet, there can be no question whatever as to the illegality of an obstructive occupation of the middle of the street between these spaces; which for the free passage and the legitimate purposes of the market people themselves, if for no other purpose, is required to be kept free from obstruction.

The action of the plaintiff in error was a nuisance pure and simple, and he was very properly held for it. The case requires no serious consideration by us.

The judgment appealed from will be affirmed with costs.

*Affirmed.*